# Howard versus McKee.

The 1st sect. of the Act of 12th July 1842 forbids arrest and imprisonment on any civil process issuing out of any court in any suit founded on contract, and where the parties to an action treated the cause as one of alleged breach of warranty on a contract, and the plaintiff having obtained a verdict and judgment, without proof of actual or intentional fraud, issued a capias ad satisfaciendum, upon a rule to show cause granted by the court, it was error to refuse to set aside the writ of ca. sa.

October 12th 1876.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.   WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county* : No. 69, of October and November Term 1876.

This was an action brought by Milton McKee against R. C. Howard, to recover for a breach of warranty in the sale of a horse.

The facts appear in the pleadings.

The action commenced by summons.

[Howard *v.* McKee.]

A rule of court provided: that the plaintiff shall file with or before his declaration a specification of the items of his claim and statement of facts necessary to support it, verified by affidavit, to which the defendant shall file an answer, verified by affidavit, and if the specification and statement be filed with the præcipe they shall be treated also as an affidavit of claim and the defendant shall without further notice file his answer thereto within the time required for filing an affidavit of defence, which answer shall be treated as an affidavit of defence.

Under this rule plaintiff filed an affidavit of claim with his præcipe which set forth that defendant is justly and legally indebted to plaintiff in the sum of $110, with interest from March 13th 1875, which indebtedness arises from the following state of facts : On the 13th day of March 1875, plaintiff purchased from defendant a black horse on the strength of the following representations and guarantees, which were made at the time of the sale and previous thereto, to wit: the said defendant representing and guaranteeing that said horse was sound in body, eye and limb, that he would pull single, double, and every place that he is put, and also told plaintiff that if said horse did not suit him in his business to return him to the said defendant at his residence in Allegheny city and he would make it right; that the defendant told affiant that the horse belonged to defendant's son, that his son was not worth anything, and that he, the defendant, would therefore guarantee the horse as above set forth and be responsible to affiant if the horse did not suit his business.

Affiant purchased said horse from the defendant on the strength of the above representations and guarantee and paid $110 for said horse.  The said horse was not sound as guaranteed and represented, but was sprung in the right fore leg; and he would not work as represented, but would balk and refuse to pull at every hill or up grade, and that, too, when hitched to an empty wagon; affiant tried said horse on two different days, to wit: the 13th day of March and the 15th, and then on the 15th returned him to the said defendant.

In an affidavit of defence defendant set forth that he did not sell to plaintiff a black horse on day named, nor did he make any representation or guarantee to plaintiff about any such horse except as follows, viz. : that on the 13th day of March 1875, William Howard, a son of defendant, sold a black horse to plaintiff; that William Howard gave plaintiff a written guarantee that said horse was sound, and that at plaintiff's request defendant endorsed said guarantee, that said horse was sound as represented and a good worker; that whatever liability there is by defendant to plaintiff is only as surety for his son on his written guarantee and that he did not make any representations or undertake any liability in the premises

[Howard *v.* McKee.]

other than as surety on the written guarantee of William Howard as aforesaid.

On the 23d of June 1875 plaintiff filed this declaration:—

"R. C. Howard, the defendant in this suit, was summoned to answer Milton McKee, the plaintiff, of a plea of trespass on the case, whereupon the said plaintiff complains for that, whereas the said plaintiff heretofore, to wit: on the 1st day of April, A. D. 1875, at Allegheny city, to wit: at the county aforesaid, at the special instance and request of said defendant, bargained with the said defendant, to buy of said defendant a certain horse at and for a certain price or sum of money, to wit: the sum of $115, and the said defendant then and there falsely and fraudulently warranting, guaranteeing and representing said horse to be sound, and that he would work single or double, or any place he was put, then and there sold the said horse to the said plaintiff for the said sum of $115, which was then and there paid by the said plaintiff to the said defendant, whereas, in truth and in fact, the said horse was at the time of said warranty, guarantee and representations and sale thereof, unsound, unsteady, restive, ungovernable in harness, and would not work single or double or any place he was put, and hath from hence hitherto so remained and continued. And the said plaintiff in fact saith that the said defendant by means of the premises, on the day and year aforesaid, at the county aforesaid, falsely and fraudulently deceived the said plaintiff on the sale of the said horse as aforesaid and thereby the said horse afterwards, to wit: on the day and year aforesaid, became of no use or value to the said plaintiff and thereby also the said plaintiff was then and there put to great expense of his moneys, in the whole amounting to a large sum of money, to wit: the sum of $50, in and about the feeding and taking care of and selling and disposing of the said horse, to wit: at the county aforesaid, day and year aforesaid. Whereupon the said plaintiff saith that he is injured and hath sustained damage to the amount of $500 and therefore he brings his suit," &c.

The defendant the same day pleaded non-assumpsit, set off, payment with leave, &c.

On the 1st of November a trial was had, and the verdict was for plaintiff for $114.15, upon which judgment was entered December 16th 1875.

On the 2d of February 1876 a præcipe was filed for a fieri facias and capias ad satisfaciendum, and on the same day the writ of ca. sa. issued.

On the 5th of the same month the court granted a rule to show cause why the writ of ca. sa. should not be vacated and set aside, and on the 31st of March discharged the rule.

To this action of the court the defendant took this writ, alleging that the court erred in issuing the writ of ca. sa. on the judgment and in discharging the rule.

*Blakeley & Bigham*, for plaintiff in error.—Before defendant can be lawfully imprisoned he must have knowingly misrepresented the horse, and thus been guilty of deceit.    Actual fraud is necessary to maintain an action of deceit: Bokee *v.* Walker, 2 Harris 139. Under our rules of court the issue is made up of the affidavits of claim and defence, and they become a part of the pleadings.    Neither plaintiff's claim nor his *narr.* contain allegations that defendant knowingly misrepresented the horse.    The whole record shows the action was upon a contract of warranty.

*James W. Over*, for defendant in error.—There are direct averments in the *narr.* that defendant knew he was practising a deceit on plaintiff and that his representations were false.    In an action upon the case in tort for a breach of warranty of goods, the scienter need not be laid in the declaration, nor if charged need it be proved: 1 Chitty's Pleading 159.

Mr. Justice MERCUR delivered the opinion of the court, January 2d 1877.

This action was commenced by summons.    It was to recover for a breach of warranty on the sale of a horse.    The declaration was in the form given in 2 Chitty's Plead. 680, for deceit in case of a false warranty.    No distinct averment is made therein that the vendor knew the guaranty or representations to be false.    A rule of the court below requires the plaintiff in all cases to file a specification of the items of his claim and statement of facts necessary to support it, verified by affidavit.    Under that rule the plaintiff below filed an affidavit.    It contains no averment of fraud or deceit. It does not allege any intentional misrepresentation.    It simply declares that he purchased on the strength of certain representations and guarantees, which he specifies.    It then charges, that the horse is not sound as guaranteed and represented.    The pleas were nonassumpsit, set-off, payment with leave, &c.    On these pleas the case was tried.    The parties thus treated the case as one of alleged breach of warranty on a contract.    The defendant in error, having obtained a verdict and judgment, issued a capias ad satisfaciendum. The court granted a rule to show cause why the ca. sa. should not be vacated and set aside, but they discharged the rule.    The issuing of the writ and the refusal to set it aside are assigned for error.

The first section of the Act of 12th of July 1842, Purd. Dig. 49, pl. 51, declares : "No person shall be arrested or imprisoned on any civil process issuing out of any court of this Commonwealth, in any suit or proceeding instituted for the recovery of any money due on any judgment or decree founded on contract, or due on any contract, express or implied, or for the recovery of any damages for the non-performance of any contract, except in proceeding as for contempt to enforce civil remedies, actions for fines or penalties

[Howard v. McKee.]

or on promises to marry, or moneys collected by any public officer, or for any misconduct or neglect in office, or in any professional employment, in which cases the remedies shall remain as heretofore." This section applies only to cases founded on contract, but as we have shown this judgment was founded on a contract, and is not within the exceptions enumerated in the act. This case is therefore brought within those provisions of the section which forbid arrest and imprisonment.

There can be no deceit in the sale of a chattel without a *scienter*: Staines v. Shore, 4 Harris 200. Whenever a party relies on a fraud it ought to be distinctly and particularly alleged: Groff v. Groff, 14 S. & R. 184. It was said in Clark v. Partridge, 2 Barr 13, the rule is founded on principles of justice which require that the party to be affected should have a full opportunity to meet and disprove the charge.

It is not enough to give notice of the facts intended to be proved, from which a jury may infer fraud. If this be requisite in a notice of special matter, much more will it be required in a declaration in which more precision is expected. Actual or intentional fraud was necessary to sustain the capias: Bokee *et al.* v. Walker, 2 Harris 139. Neither was averred in the declaration, nor in the affidavit of claim. Under the pleadings, it was not necessary to prove any fraud on the trial. The *narr.* shows a complete right of action wholly inconsistent with the good faith of the vendor of the horse. We will not assume any other issue was tried than the one found by the pleadings. That was one on contract only. It follows, therefore, the ca. sa. was improperly issued, and the court erred in not setting it aside.

Judgment reversed, and rule made absolute.